UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTIN J. NERO, JR.,

    Plaintiff,

    v.

BAE SYSTEMS, INC., et al.,

    Defendants.

_____/

No. C 13-4271 PJH

**ORDER DENYING MOTION TO REMAND**

Plaintiff's motion to remand the above-entitled action came on for hearing before this court on November 20, 2013. Plaintiff Martin J. Nero, Jr., appeared by his counsel Sharon Arkin and Micha Liberty, and defendant appeared by its counsel Daniel Newland and Eric Lloyd. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion as follows.

## BACKGROUND

This is a case alleging discrimination and harassment in employment. The original complaint was filed in the Superior Court of California, County of Alameda, on September 9, 2010. Named as defendants were BAE Systems, Inc.; BAE Systems Ship Repair, Inc.; BAE Systems San Francisco Ship Repair, Inc. ("BAE San Francisco"); Hugh Vanderspek ("Vanderspek"); and Jim Vaught ("Vaught").

On January 4, 2011, pursuant to a stipulated request, the case was transferred to the Superior Court of California, County of San Francisco. In May 2012, plaintiff filed a first amended complaint ("FAC"), alleging only state law claims under the Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12940, et seq. (racial discrimination, racial harassment, retaliation, and failure to prevent discrimination and harassment).

Among other things, plaintiff (who is African-American) alleges that he was hired by BAE San Francisco in 1998 as a shipfitter trainee; that Vaught was a production manager and plaintiff's direct supervisor; that Vanderspek became the general manager of BAE's San Francisco shipyard in February 2008; that both Vaught and Vanderspek treated African-American employees differently than non-African-American employees; that prior to Vanderspek's arrival at BAE San Francisco, plaintiff was promoted to the job of general foreman (and was the only African-American general foreman), but that within months after Vanderspek's arrival, plaintiff was demoted; and that his pay was reduced.

On August 16, 2013, the Superior Court issued an oral ruling on a motion for summary judgment brought by BAE San Francisco, Vanderspek, and Vaught. The court denied BAE San Francisco's motion as to the first cause of action for discrimination, the second cause of action for harassment, and the fourth cause of action for failure to prove discrimination and harassment. The court granted the motion as to the third cause of action for retaliation, and also granted summary judgment as to Vanderspek and Vaught.

On September 4, 2013, the court issued an order granting the motion for judgment on the pleadings filed by BAE Systems, Inc, and BAE Systems Ship Repair, Inc., and dismissed plaintiff's claims against both entities with prejudice.

On September 13, 2013, BAE San Francisco, the sole defendant remaining in the case, filed a notice of removal, asserting that it had learned at the August 16, 2013 hearing on the motions for summary judgment that plaintiff's FEHA discrimination claim should be recharacterized as a federal claim under Title VII.

When hearing on the motions commenced on August 15, 2013, the state court indicated its intention to grant summary adjudication of the discrimination claim on the ground that it was time-barred (because plaintiff had failed to show that any purportedly discriminatory acts had occurred during the applicable limitations period). Plaintiff argued, however, that the discrimination claim was not time-barred based on the continuing violations doctrine, because he continued to perform the duties of a foreman after he was demoted, and that each failure to pay him an appropriate wage for his managerial duties

constituted a new act of discrimination.

The court asked plaintiff whether he had cited any authority in his opposition to the summary judgment motion supporting the argument that each pay period "would constitute a fresh violation for the purposes of the statute of limitations as opposed to the argument that once you are demoted, once you suffer the pay cut, that's the adverse act." Aug. 15, 2013 Hearing Trans., Exh. A to Declaration of Eric M. Lloyd, at 95. Plaintiff was not able to offer any authority on point. See id. The court then noted, "I don't think that's the law," but requested that plaintiff provide authority for his position by the next day. Id. at 97.

At the resumed hearing on August 16, 2013, the plaintiff cited 42 U.S.C. § 2000e (and specifically, § 2000e-5(e), the Lily Ledbetter Fair Pay Act). Aug. 16, 2013 Hearing Trans., Exh. B to Lloyd Decl., at 3-4. The Lily Ledbetter Fair Pay Act of 2009 was enacted in response to the U.S. Supreme Court's decision in Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618 (2007). In that case, the plaintiff claimed that during the course of her employment, her supervisors gave her poor performance evaluations based on her sex – a violation of Title VII – which evaluation resulted in her pay not increasing as it would have if she had been evaluated fairly. Id. at 622. According to the plaintiff, those past evaluations, each of which occurred outside the limitations period, decreased the level of her pay then and throughout her subsequent employment, so that by the time she retired, she was earning significantly less than her male colleagues. Id.

The Supreme Court held that the EEOC charging period "is triggered when a discrete unlawful practice takes place," and added that "[a] new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination" – although "if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed." Id. at 628.

The Ledbetter Act was codified as part of Title VII, and provides as follows:

> Time for filing charges . . . For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or

> other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A).

At the resumed August 16, 2013 hearing, the court noted that the plaintiff's actual demotion was outside the limitations period, as were a number of the paychecks following the demotion. Aug. 16, 2013 Hearing Trans., Exh. B to Lloyd Decl., at 41. However, the court also found it was "obligated to allow on the statute of limitations defense, to allow federal authority to be considered by the Court." Id. The court then denied BAE San Francisco's motion, on the ground that "plaintiff has met its [sic] burden of production as to whether or not [he] was performing work at a higher pay grade but receiving pay at a lower pay rate due to racial discrimination." Id. at 42.

Based on the court's decision that the applicable statute of limitations would be the statute pertaining to Title VII claims, not FEHA claims, BAE San Francisco alleged in the notice of removal that the discrimination claim is in actuality a federal claim giving rise to federal question jurisdiction, and that the "other paper" justifying removal, see 28 U.S.C. § 1446(b)(3), is the transcript of the August 16, 2013 hearing.

Plaintiff now seeks an order remanding the case to San Francisco Superior Court, asserting that he has not alleged any federal cause of action.

**DISCUSSION**

A. Legal Standard

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

The district court must remand the case if it appears before final judgment that the

4

court lacks subject matter jurisdiction. 28 U.S.C. 1447(c). There is a "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

"Absent diversity of citizenship, federal question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpiller, Inc. v. Williams, 482 U.S. 386, 392 (1987). If a complaint alleges only state law claims and lacks a federal question on its face, then the federal court must grant the motion to remand. See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392.

There are rare situations where a well-pleaded state law cause of action will be deemed to arise under federal law and support removal. These are (1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question. See ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality of Mont., 213 F.3d 1108, 1114 (9th Cir. 2000).

B.   Plaintiff's Motion

Plaintiff contends that California law provides the same statute of limitations accrual standard as the Ledbetter Act, and that the federal statute is thus not an essential element of his claim, and removal was therefore not proper. He asserts that the question whether removal was proper is controlled by the Ninth Circuit's decision in Rains v. Criterion Sys., Inc., 80 F.3d 339 (9th Cir. 1996).

In Rains, the plaintiff filed a state court action against his employer and others for wrongful termination in violation of public policy and intentional interference with contractual relations. The underlying policy was the policy against religious discrimination contained in

5

the California Constitution, FEHA, and Title VII.  The defendants removed the case to federal court, alleging federal question jurisdiction.  The district court granted summary judgment to the employer and others.

On appeal, the Ninth Circuit vacated the district court's order and remanded the case, finding that the plaintiff had not alleged a Title VII claim, such that federal question jurisdiction would be established.  The court found that because the claim for wrongful termination in violation of public policy was pled as a state law claim, it did not turn on the construction of a substantial, disputed federal question, such that federal question jurisdiction would be established.  Id. at 344.

The court found further that "[t]he invocation of Title VII as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." Id. at 345.  Because state law independently espoused the same public policy established by Title VII, the court found that Title VII was not a necessary element of the state law claim, since it could be supported by an independent state theory as well as by a federal theory.  Id. at 345-47.

Here, plaintiff's primary arguments are that the case should be remanded because he has not alleged a federal cause of action; because the "artful pleading" analysis under Rains further supports the conclusion that federal question jurisdiction does not exist; and because federal law is not a necessary element of his claims.

First, plaintiff argues that he has not alleged a federal cause of action, and that his claims are all brought under state law.  He notes that the complaint in the Rains case referred to Title VII as providing one source of the policy that was violated by the plaintiff's termination, and that the Ninth Circuit found that such references to Title VII were not sufficient to transform the exclusively state law claims into federal claims for removal purposes.  Here, he contends, neither the original complaint nor the FAC contains any reference to Title VII or any federal law, and so the argument against removal is even stronger.

6

As for the reference at the state court hearing to the Lily Ledbetter Act, plaintiff contends that Title VII simply sets forth the principle that an employer's wrongful failure to pay an employee accrues with each paycheck – and asserts that California law provides precisely the same rule. In support of this proposition, plaintiff cites Cuadra v. Millan, 17 Cal. 4th 855 (1988), disapproved on other grounds by Samuels v. Mix, 22 Cal. 4th 1, 16 n.4 (1999).

In Cuadra, the plaintiffs sought a writ of mandate with regard to the policy of the California Labor Commissioner with regard to whether back pay should be calculated under the California Labor Code based on the date the claims are heard or on the date they are filed. The trial court ordered the Commissioner to calculate back pay from the date the claims are filed. The Court of Appeal affirmed, as did the California Supreme Court, holding that "[a] cause of action for unpaid wages accrues when the wages first become legally due, i.e., on the regular payday for the pay period in which the employee performed the work," and that "when the work is continuing and the employee is therefore paid periodically . . . , a separate and distinct cause of action accrues on each payday. Id. at 859.

Plaintiff contends that Cuadra is significant because the court held that an action for unlawfully withheld wages "is timely as to all paydays falling within the relevant limitations period" and "in calculating the amount of unpaid wages due in such an action the court will count back from the filing of the complaint to the beginning of the limitations period . . . and will award all unpaid wages earned during that period." Id.

Based on this, plaintiff argues that his right to damages for discriminatory withholding of wages accrued with each paycheck, and that he is therefore entitled under California law to seek damages for all improper wage payments for a period commencing one year before he filed his FEHA claim and continuing thereafter. He claims that just as in Rains, state and federal law provide alternative bases for his assertion that his claims are not barred by the statute of limitations. Thus, he asserts, his reference to the Ledbetter Act as a basis for the delayed accrual of limitations on his claims does not transform his state

law claims into federal claims.

Plaintiff asserts further that there is no doctrine under California law that limits a plaintiff who has successfully opposed a summary judgment motion from subsequently asserting different facts or legal doctrines. Thus, in his view, the fact that the state court relied on the statute of limitations in the Ledbetter Act in denying BAE San Francisco's motion for summary judgment does not preclude his reliance on California's state law principles to the same effect.

Plaintiff argues that the "artful pleading" analysis under Rains further supports the conclusion that federal question jurisdiction does not exist. He contends that unlike in Rains, where the Ninth Circuit rejected application of the "artful pleading" doctrine because the plaintiff had cited a federal statute as an alternative basis for establishing one element of his state law claim, his "delayed accrual" argument applies both under state law and under the Ledbetter Act. He contends that nothing in Title VII, or specifically in the Ledbetter Act, fundamentally changes the state tort recovery in this case, and for that reason the state court's ruling on summary judgment does not raise a federal question because his claim can be supported by alternative and independent (state and federal) theories. Thus, he asserts, reliance on the Ledbetter Act to overcome BAE San Francisco's statute of limitations defense is not essential to his claims.

In opposition, BAE San Francisco asserts that plaintiff is judicially estopped from refuting his prior assertion that his discrimination claim arises from federal law. The doctrine of judicial estoppel prevents a party from prevailing in one phase of a case on an argument, only to rely on a contradictory argument to prevail in another phase. See New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001); see also Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC, 692 F.3d 983, 993 (9th Cir. 2013).

BAE San Francisco contends that judicial estoppel applies in this case because plaintiff's repudiation of federal law as providing the basis for his discrimination claim is inconsistent with the position he took in the state court; because he succeeded in persuading the state court to accept his position; and because he will be unfairly

8

advantaged if he is permitted to renounce his prior position, because it would be unfair to allow plaintiff to prevail in the motion to remand by disavowing the same federal statute he cited to evade summary judgment in the state court.

In a second argument, BAE San Francisco contends that plaintiff's claim gives rise to federal question jurisdiction and his right to relief arises from federal law, because a substantial question of federal law is a necessary element of the well-pleaded state claim, and because the claim is not viable under California law.

The court finds that the motion must be DENIED, based on the second argument advanced by BAE San Francisco. Plaintiff's discrimination claim is inherently federal because it is based on the Ledbetter Act. The Ledbetter Act and FEHA are not analogous. While Title VII provides that "an unlawful employment practice occurs, with respect to discrimination in compensation, . . . each time wages, benefits or other compensation is paid," 42 U.S.C. § 2000e-5(e)(1), FEHA does not include a provision that each payment of wages constitutes a separate adverse action, see Cal. Govt. Code § 12940(a). The Ledbetter Act amended Title VII – not FEHA or any other California law – and there is no basis for applying the Act to a FEHA claim.

The Rains case, on which plaintiff relies, does not support his argument, because in that case, the Ninth Circuit held that the state law claim for termination in violation of public policy did not give rise to a federal question because it was supported by independent state theories. Here, by contrast, there is no independent state theory that supports plaintiff's contention that each paycheck is an actionable adverse action. The other cases cited by plaintiff in his motion are wage-and-hour cases brought under the California Labor Code, and as such are inapplicable in this case, which is a case alleging discrimination and harassment. FEHA and the Labor Code create two distinct bodies of law, and there is no California counterpart to the Ledbetter Act.

In short, plaintiff's discrimination claim is not viable under California law, and would have been subject to summary judgment, except for the fact that plaintiff argued that his claim was timely under the Ledbetter Act. The claim at issue here is a FEHA claim alleging

discrimination, not a state law claim under the Labor Code for failure to pay wages that were due, and any wages due would be part of plaintiff's damages, should he prevail. But, as noted above, the state court found no actionable discrimination during the FEHA limitations period, and, when faced with that reality, plaintiff's counsel proposed that Title VII (the Ledbetter Act) provided the applicable limitations period. However, the Ledbetter Act does not apply to claims brought under FEHA.

For these reasons, the discrimination claim (which could not proceed under state law) necessarily depends on the resolution of a substantial question of federal law. Unless there is a comparable provision in FEHA or some other state anti-discrimination law (which there is not), the importation of the Title VII limitations provision changes it into a federal claim. The wage-and-hour provisions of the Labor Code are not anti-discrimination laws, and the Labor Code certainly cannot be used to modify the statute of limitations set forth in FEHA.

Because plaintiff is asserting that a statute of limitations from a federal statute is controlling here, federal law is a necessary element of his claim, and removal was proper.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion to remand is DENIED. If, however, plaintiff dismisses the discrimination claim, and proceeds on the harassment and failure to prevent harassment claims only, the court would be amenable to remanding the case.

**IT IS SO ORDERED.**

Dated: November 25, 2013

PHYLLIS J. HAMILTON
United States District Judge

10